UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                Plaintiff,

v.

NASSAU COUNTY POLICE DEPARTMENT
and NASSAU COUNTY,
                Defendants.
----------------------------------------x

CV 07 3980

Civil Action No.

COMPLAINT AND JURY DEMAND

WEXLER, J.

WALL, M.J.

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (ADEA) to correct unlawful employment practices on the basis of age and to provide appropriate relief to Lawrence Coleman, Arthur D'Alessandro, Robert Macaulay, and Joseph Petrella (Charging Parties). As alleged with greater specificity below, the Equal Employment Opportunity Commission alleges that Defendants discriminated against Charging Parties because of their age, and treated them less favorably than younger employees with respect to compensation and the terms, conditions and privileges of employment. On or about July 27, 2006, Defendants transferred Charging Parties out of positions they held in the Marine Bureau of the Nassau County Police Department, because of their age, to positions in various precincts that were less desirable and less prestigious and had less favorable compensation, terms, conditions and privileges of employment and negatively impacted Charging Parties' retirement benefits. At the time of transfer, Coleman was age 60, D'Alessandro was age 58, Macaulay was age 55, and Petrella was age 53. As a result of the discrimination, Coleman and Macaulay were constructively discharged.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c) and § 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York, within Nassau County, New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (EEOC or the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Nassau County Police Department has continuously been a division or department of Defendant Nassau County and a political subdivision of the State of New York, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Nassau County Police Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6. At all relevant times, Defendant Nassau County has continuously been a municipal corporation under New York state law and a political subdivision of the State of New York, and has continuously had at least 20 employees.

7. At all relevant times, Defendant Nassau County has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIM

9. Since at least July 27, 2006, Defendants engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623. The practices included the following:

   a. Defendants treated Charging Parties less favorably than younger employees with respect to compensation and the terms, conditions and privileges of employment, because of their ages;

   b. On or about July 27, 2006, Defendants transferred Charging Parties out of positions they held as police officers in the Marine Bureau of the Nassau County Police Department, because of their ages, to positions in various precincts that were less desirable and prestigious and had less favorable compensation, terms, conditions and privileges of employment and negatively impacted Charging Parties' retirement benefits, and Defendants did not transfer younger police officers out of the Marine Bureau;

   c. At the time of the transfer: Coleman was age 59 and had begun working with the Nassau County Police Department in 1972 and the Marine Bureau in 1981; D'Alessandro was age 58 and had begun working with the Nassau County Police Department in 1973 and the Marine Bureau in 1988; Macaulay was age 55 and

3

had begun working with the Nassau County Police Department in 1972 and the Marine Bureau in 1987; and Petrella was age 53 and had begun working with the Nassau County Police Department in 1984, began working seasonally in the Marine Bureau in 2001 and was permanently assigned to the Marine Bureau in January 2006;

d. Charging Parties were qualified for the positions they held as police officers in the Marine Bureau;

e. Defendants replaced Charging Parties with substantially younger police officers and on or about November 1, 2006, Defendants transferred several other police officers who were substantially younger than Charging Parties into the Marine Bureau;

f. Defendants altered the compensation, terms, conditions and privileges of employment to make them so intolerable that Coleman and Macaulay were constructively discharged.

10. The effect of the practices complained of above has been to deprive Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees, because of their ages.

11. The unlawful employment practices complained above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against

employees age 40 and over, on the basis of age, and from engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older;

    B.    Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices;

    C.    Grant a judgment requiring Defendants to pay appropriate back wages in amounts to be determined at trial, and equals sum as liquidated damages, or prejudgment interest in lieu thereof, to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, Charging Parties Lawrence Coleman, Arthur D'Alessandro, Robert Macaulay, and Joseph Petrella;

    D.    Order Defendant to make whole those individuals whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial;

    E.    Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to the reinstatement of Charging Parties to the Marine Bureau, with permanent employment status and with restoration of all rights and privileges of employment lost as a result of the discrimination, including but not limited to restoration of seniority, and front pay to Charging Parties Lawrence Coleman, Arthur D'Alessandro, Robert Macaulay, and Joseph Petrella.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 24, 2007
New York, New York

Respectfully submitted,

Ronald Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____
Elizabeth Grossman (EG-2478)
Regional Attorney
elizabeth.grossman@eeoc.gov

_____
Judy A. Keenan (JK-3083)
Supervisory Trial Attorney
judy.keenan@eeoc.gov

_____
Monique J. Roberts (MR-6338)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
Telephone: (212) 336-3704
Facsimile: (212) 336-3623
monique.roberts@eeoc.gov

6